BATES *vs.* SLADE & ETHERIDGE.

The defendant purchased three and one-fourth acres of land, in the southwest corner of lot number sixty-one, in the shape of a triangle; the complainants owned sixty-one acres, lying in the northwest corner of lot number sixty-two, which lay immediately south of lot number sixty-one, in the Coweta reserve of Muscogee county. The defendant, who had a brick-yard adjacent, entered upon three and one-fourth acres in the northwest corner of lot number sixty-two, and was excavating and removing the dirt to his brick-yard, when a bill was filed to enjoin him from so doing: *Held,* that defendant had no title to the land so entered upon, and on the final trial, a verdict and decree enjoining him from interfering therewith was right.

November 17, 1885.

Title.    Trespass.    Injunction.    Before Judge WILLIS. Muscogee Superior Court.    May Term, 1885.

In addition to the facts stated in the decision, it is necessary to add only the following: Complainants claimed the land in dispute as a part of their purchase of sixty-one acres in lot of land number sixty-two. They charged insolvency on the part of Bates, and that, before a recovery could be had at law, the clay would all be removed from

the land in dispute, and there would be left a series of pits and holes, not only destroying its value, but cutting off access to the rest of the property, and by causing stagnant pools, breeding malaria.

The defendant claimed the land in dispute under a sale of three and one-fourth acres, described as being in lot sixty-one (which lay just north of lot sixty-two). He alleged that the line between the two lots was always recognized as being along a ditch and fence, and that this land was in lot sixty-one and was all of that lot which the person under whom he held claimed. He denied insolvency.

The jury found that the land belonged to the complainants, and that the defendant had already damaged it to the extent of $50.00. The defendant moved for a new trial, which was refused, and he excepted.

W. A. LITTLE; PEABODY, BRANNON & BATTLE, for plaintiff in error.

GOETCHIUS & CHAPPELL, for defendant.

BLANDFORD, Justice.

Bates was the owner of a certain tract of land which was purchased from the estate of Seaborn Jones, deceased; it is described as three and one-fourth acres in the southwest corner of lot number sixty-one, the same being a triangle. Slade & Etheridge were the owners of sixty-one acres of land of lot number sixty-two, which was bounded by and embraced the northwest corner of lot number sixty-two. Lot sixty-one lies immediately north of lot sixty-two. This land lies in the Coweta reserve, in Muscogee county. Bates, who owned a brick-yard adjacent, entered upon three and one-fourth of an acre in the northwest corner of lot sixty-two, and was excavating and removing the dirt to his brick-yard, when Slade & Etheridge filed the bill in this case to restrain him from so doing. The

case came on for a final hearing, and a verdict and decree were rendered in favor of them against Bates, and he was perpetually enjoined from interfering with this land. Bates moved the court for a new trial, on several grounds, which was refused by the court, and he excepts, and assigns error thereon.

It is made most manifest from the facts in this case that Slade & Etheridge owned the land in controversy, and that whatever land Bates and those under whom he claimed purchased from Jones's estate, was a triangle in the southwest corner of lot sixty-one, and whether he got a good title to this land or not is not before us. It is clear that Bates and those under whom he claims did not purchase or receive any conveyance to any portion of lot number sixty-two from Jones's estate, but that the same was purchased by Slade & Etheridge and those under whom they claimed. So the act of Bates in entering on this land was a trespass, and he was properly enjoined. Under the facts of this case, the rulings of the court almost become immaterial, as the verdict and decree are demanded by the evidence. But we have carefully considered the exceptions to the rulings of the court, and are satisfied that no error was committed.

Judgment affirmed.